UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSEPH L. COTTON,

      Plaintiff,

v.                                                               Case No. 8:05-cv-1016-T-24 TBM

UNITED STATES DEPARTMENT
OF EDUCATION,

      Defendant.
_____/

## **ORDER**

This cause comes before the Court on Defendant U.S. Department of Education's Amended Motion for Summary Judgment and Amended Motion to Dismiss. (Doc. No. 34.) Also before the Court is Plaintiff Joseph L. Cotton's Motion for Final Judgment. (Doc. No. 36.) For the reasons stated herein, Defendant's Amended Motions are granted, and Plaintiff's Motion is denied.

**I.    Facts and Procedural History**

On April 6, 1973, Plaintiff signed a Promissory Note for a loan under the Federally Insured Student Loan Program to attend a school managed by Bell & Howell Schools, Inc. ("Bell & Howell").[1] (Doc. No. 33, p.7.)[2] Pursuant to the Promissory Note, Bell & Howell loaned Plaintiff $1,225 at seven percent interest, and these funds were disbursed to Plaintiff on June 26, 1973. (*Id.* at 7, 20.) On August 19, 1983, Plaintiff defaulted on the loan, at which time the loan

---

[1]Bell & Howell Schools, Inc. is not a party to this case.

[2]The page numbers refer to the bates stamped page numbers of the administrative record contained in Doc. No. 33.

was assigned to Defendant.  (*Id.* at 20.)  Thereafter, on October 26, 1983, Defendant paid Bell & Howell $1,049.70 on the loan.  (*Id.*)

On February 26, 2005, Defendant sent Plaintiff a Notice of Proposed Wage Garnishment.  (*Id.* at 12.)  In this Notice, Defendant informed Plaintiff that, unless Plaintiff entered into a repayment arrangement with Defendant, Defendant would proceed to garnish his wages in order to recover the outstanding debt owed on the student loan.  (*Id.*)  Plaintiff then requested an Administrative Wage Garnishment Hearing.  (*Id.* at 10.)

On April 26, 2005, the Hearing Official found that Defendant was entitled to collect from Plaintiff the debt owed on the defaulted student loan by garnishing his wages.  (*Id.* at 1-6, 29-32.)  The Hearing Official also concluded the following: (1) that the debt was legally enforceable because Defendant had shown that it held the Promissory Note on the student loan, and Plaintiff did not provide any evidence to show that the debt was not owed to Defendant; (2) that Plaintiff did not submit the appropriate documentation to support of his contention that he did not sign the loan documents at issue; and (3) that Plaintiff was liable for the loan even if Bell & Howell misrepresented the educational benefits of its school.  (*Id.* at 3.)  Plaintiff then sought reconsideration of the decision.  (*Id.* at 30.)  On June 22, 2005, the Hearing Official again found that, based on the preponderance of evidence, the contested signature on the loan documents was Plaintiff's signature.  (*Id.*)

Thereafter, Defendant began garnishing Plaintiff's wages.  (Doc. No. 34, p. 7)  Defendant also collected a portion of the defaulted loan through the U.S. Department of Treasury Offset Program.  (*Id.*)  Under this Program, the Department of Treasury is permitted to withhold from the debtor federal payments, including income tax refunds and retirement payments, to pay the

offset amount to the creditor, and then to disburse any remaining payment to the payee/debtor. (*Id.* at 5-6.)  According to Defendant, after collecting payments from Defendant through wage garnishment and the Treasury Offset Program, the total balance owed to Defendant on the loan as of January 17, 2006 was $2.45.  (*Id.* at 7.)

On May 31, 2005, Plaintiff, proceeding pro se, initiated this lawsuit by filing two documents entitled, "Motion to Avoid Collection" and "Notice to Avoid Debt" (Doc. No. 1.)  In these documents, Plaintiff states that he seeks to avoid collection of the Federal Student Loan debt in the amount of $3,113.95.  Plaintiff also challenges the validity of the debt.  In particular, Plaintiff alleges the following: (1) that there is no valid debt owed to Defendant because the loan was issued by Bell & Howell, not by Defendant; (2) that his education at Bell & Howell was not completed because the school closed; (3) that he did not sign the loan documents; and (4) that collection of the loan will cause him extreme financial hardship.

On October 2, 2006, Defendant filed the instant Amended Motions for Summary Judgment and to Dismiss.  (Doc. No. 34.)  Defendant argues that the Court should construe Plaintiff's claim as a request for review of a final agency decision by the Administrative Wage Garnishment Hearing Official, in accordance with the Administrative Procedure Act, 5 U.S.C. § 701 et seq.  Furthermore, Defendant argues that the Court should affirm the Hearing Official's decision and dismiss Plaintiff's claim to the extent he seeks to avoid collection.

Plaintiff did not file any responsive pleading in opposition to Defendant's motions for summary judgment and to dismiss.  Instead, on October 19, 2006, Plaintiff filed his own Motion for Final Judgment.  (Doc. No. 36.)  Plaintiff's Motion is untimely because the Court directed the parties to file dispositive motions by September 29, 2006.  (Doc. No. 29.)  Furthermore,

Plaintiff's Motion is unsigned, and for that reason alone, it is due to be stricken.  Accordingly, the Court hereby **DENIES** Plaintiff's Motion for Final Judgment.  However, the Court will consider the Motion as a response in opposition to Defendant's Amended Motions for Summary Judgment and to Dismiss.

**II.    Standard of Review**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case.  *Id.* at 325, 106 S. Ct. at 2554.  Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on any claim.  *See id.*  When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial.  *Id.* at 324, 106 S. Ct. at 2553.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor.  *Samples v. City of Atlanta*, 846 F.2d 1328,

1330 (11th Cir. 1988). Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. *Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau*, 835 F.2d 855, 856 (11th Cir. 1988) (per curiam). A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

## III.   Defendant's Amended Motions for Summary Judgment and to Dismiss

Defendant moves for summary judgment and to dismiss, arguing that Plaintiff's challenges to the Administrative Wage Garnishment Hearing decision are without merit. Accordingly, the Court will analyze each challenge.[3]

This Court applies the following standard of review when reviewing agency actions pursuant to the Administrative Procedures Act, 5 U.S.C. § 706(2). "The scope of review of agency actions is limited to a determination of whether the [agency's] findings are arbitrary, capricious, an abuse of discretion, not in accordance with the law or unsupported by substantial evidence in the record as a whole." *Home Health Servs. of the U.S., Inc. v. Schweiker*, 683 F.2d 353, 356 (11th Cir. 1982) (citations omitted). The "arbitrary and capricious" standard of review is "narrow": "The court is not empowered to substitute its judgment for that of the agency. In other words, . . . [the court] must defer to the wisdom of the agency provided [its] decision is reasoned and rational." *McHenry v. Bond*, 668 F.2d 1185, 1190 (11th Cir. 1982) (internal

---

[3]Defendant moves for summary judgment on Plaintiff's first three challenges to the Administrative Wage Garnishment Hearing and moves to dismiss Plaintiff's fourth challenge.

quotations and citations omitted). Thus, "[i]f the agency's findings are supported by substantial evidence and are not arbitrary or capricious, the reviewing court cannot reverse the findings of the agency on the basis that it would have decided the case differently." *Home Health Servs.*, 683 F.2d at 356-57 (citations omitted).

  **A.**  **Validity of the Debt**

  Plaintiff first challenges the Hearing Official's finding that there was a legally enforceable debt. Specifically, Plaintiff argues that there is no valid debt owed to Defendant because the loan was issued by Bell & Howell–not by Defendant. The Hearing Official rejected this argument, finding that Defendant held the Promissory Note and that there were other records that supported the existence of the debt. (Doc. No. 33, p.3). This Court finds that the Hearing Official's finding is supported by substantial evidence and is not arbitrary or capricious.

  The record reveals that on April 6, 1973, Plaintiff signed a document titled, "PROMISSORY NOTE UNDER FEDERALLY INSURED STUDENT LOAN PROGRAM." (*Id.* at 7). This promissory note provided that Plaintiff promised to repay Bell & Howell the money ($1,225.00) that it lent Plaintiff, plus seven percent interest. (*Id.*) The Promissory Note also states that Bell & Howell applied for federal loan insurance under the Higher Education Act of 1965. (*Id.*)

  Plaintiff does not appear to dispute that he defaulted on the loan. Instead, Plaintiff contends that he does not owe Defendant any money because the loan was between Plaintiff and Bell & Howell, and the Promissory Note appears to be stamped "NOT ELIGIBLE FOR PAYMENT UNDER THE FEDERALLY INSURED STUDENT LOAN PROGRAM." (*Id.*) Defendant responds that this notation simply indicated that Defendant cancelled its guarantee on

the loan, retaining its option not to make an insurance payment and/or accept assignment of the note in the event of a default.  However, Defendant submitted evidence that supports its contention that in 1983, it took assignment of the promissory note after Plaintiff defaulted on it. (*Id.* at 20.)

Plaintiff did not offer any evidence or argument to rebut the evidence that Defendant took assignment of the loan in 1983.  As such, the Court finds that there is substantial evidence in the record to support the Hearing Official's conclusion that Plaintiff owed Defendant money under the promissory note and that this conclusion is not arbitrary or capricious.

### B. School Closing

Next, Plaintiff contends that the debt is not valid because his education was never completed due to the school closing down.  The Hearing Official rejected this argument, finding that Plaintiff's enrollment contract with the school was separate and distinct from the loan contract. (*Id.* at 3.)  This Court agrees.  Failure of consideration is not a defense in student loan cases because the student received money in exchange for his promise to repay the money.  *See U.S. v. Durbin*, 64 F. Supp. 2d 635, 637 (S.D. Tex. 1999).  As such, this Court finds that the Hearing Official's decision on this issue is not arbitrary or capricious.

### c. Signature on the Loan Document

Next, Plaintiff argues that there is no valid debt because Plaintiff did not sign the application for the loan.  The Hearing Official rejected this argument, finding that the contested signature was Plaintiff's signature.  This Court agrees because Plaintiff's signature on the Meyer Treasure Chest Stores document (*Id.* at 67) appears to be made by the same person that signed

the Promissory Note (*Id.* at 7). As such, this Court finds that the Hearing Official's decision is supported by substantial evidence and is not arbitrary or capricious.

### D. Financial Hardship

Next, Plaintiff argues that he should be allowed to avoid collection of the debt because collection attempts will cause him extreme financial hardship. However, currently, Plaintiff only owes $2.45 (*Id.* at 28), and Defendant states that it will not proceed with any further garnishments or other collection actions. As such, this issue is now moot. Furthermore, the Court notes that Plaintiff did not raise this issue in the underlying agency proceeding, despite the fact that he was advised that he could move for reconsideration of the initial decision due to financial hardship. Accordingly, the Court rejects this challenge.

### V. Conclusion

Based on the above, the Court finds that the agency decision was not arbitrary, capricious, an abuse of discretion, not in accordance with the law or unsupported by substantial evidence in the record as a whole. Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendant's Amended Motion for Summary Judgment and Amended Motion to Dismiss (Doc. No. 34) are **GRANTED**;

(2) Plaintiff's Motion for Final Judgment (Doc. No. 36) is **DENIED**; and

(3) The Clerk is directed to enter final judgment in favor of Defendant and to close the case.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of November, 2006.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record

Pro Se Plaintiff